IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARLA CAMPOS and MOOTASSEM EL-HAJJ, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-04-3892 |
| YELLOW, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND OPINION

Plaintiffs Karla Campos and Mootassem El-Hajj filed this collective action against their employer, Yellow, Inc., which owns and operates approximately twenty-seven gas stations in Houston, Texas. Campos and El-Hajj sued on behalf of themselves and similarly situated sales associates and managers who worked at Yellow during October 2001 to May 2006. The plaintiffs alleged that Yellow had failed to pay overtime at one and one-half times the regular rate to nonexempt employees who worked more than forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (Docket Entry No. 1).

This court granted the plaintiffs' motion for conditional certification as to two groups of Yellow employees: sales associates who were paid hourly and allegedly received straight time for overtime; and managers who were paid weekly, whose pay was reduced for absences of less than a full day, and who did not receive overtime pay. (Docket Entry No. 24).

Plaintiffs' counsel sent a notice letter to over 400 Yellow employees within the two groups who worked during the relevant period. (Docket Entry No. 36, Ex. G). Only 28 responded to the notice and opted in. Of those, nineteen failed to communicate with plaintiffs' counsel during the suit and three withdrew from the class. (*Id.*).

At mediation, the six employees remaining in the case agreed to settle their claims against Yellow for a total of $4,825.00.[1] (Docket Entry No 36, Exs. A, G). The agreement called for the court to decertify the class and to allow settlement on an individual basis. The settling plaintiffs agreed that payment under the settlement agreement constitutes full and fair compensation for their claims for unpaid overtime and liquidated damages. (Docket Entry No. 36 at 2). The settlement agreement stated that each party would bear its own "costs," but that Yellow would "pay an additional $7,200 as legal fees and expenses" to the plaintiffs.[2] (Docket Entry No. 36, Ex. A). The settling plaintiffs and counsel for the defendant signed the mediated settlement agreement. Counsel for the plaintiffs did not sign.

This court granted the plaintiffs' motion for approval of the settlement agreement and decertification of the class and awarded the plaintiffs "attorneys' fees" in the amount of

---

[1] The documents submitted show slightly different figures for the amount of damages recovered by the plaintiffs. The plaintiffs have attached to their motion a copy of the mediated settlement agreement that lists the settlement for each claim, and these figures total $4,825. (Docket Entry No 36, Ex. A). The defendant's response brief states that the settlement amount is $4,850. (Docket Entry No. 40 at 3). In a declaration attached to the response brief, defendant's attorney Thomas W. Sankey quotes this figure as both $4,550.00 and $4,850.00. (Docket Entry No. 40, Ex. A).

[2] In summarizing the settlement agreement in a prior opinion, this court stated that Yellow agreed to pay $7,200 for "the plaintiffs' attorneys fees and costs." (Docket Entry No. 41 at 3). This statement was incorrect. The settlement agreement distinguished between the terms "costs" – which each party was to pay – and "expenses" which, with fees, Yellow was to pay.

$5,670.00 and "expenses" in the amount of $2,038.22.  (Docket Entry No. 41).  This court did not award court "costs."  Yellow filed a motion to reconsider the award of $2,038.22 in expenses, (Docket Entry No. 42), and the plaintiffs filed a response, (Docket Entry No. 43).

Yellow asks this court to reconsider the award of $2,038.22 in expenses because, according to Yellow, the settlement agreement "provided for costs (expenses) to be paid by each party incurring same."  (Docket Entry No. 42).  The provision in the agreement states that the lawsuit "shall be resolved by . . . [a]n agreed order of dismissal with prejudice with costs taxed to each party incurring same."  (Docket Entry No. 36, Ex. A at 2).

When used in a legal document, the word "costs" can refer to: "either (1) the charges or fees 'taxed' by the court, such as filing fees, jury fees, courthouse fees, and reporter fees; or (2) the expenses of litigation, prosecution, or other legal transaction."  Bryan A. Garner, *A Dictionary of Modern Legal Usage* 228 (2nd ed. 1995).  The settlement agreement provision clearly uses the word "costs" as a category separate from "expenses."  The provision stated that each party would pay its own costs.  But the agreement also stated that Yellow would pay $7,200 for the plaintiffs' "legal fees and expenses."  (Docket Entry No. 36, Ex. A at 3).  The agreement made clear that "costs" are separate from and do not include "expenses."

The settlement agreement did not provide that each party would pay its own "expenses." Yellow's motion to reconsider the award of expenses is denied.

SIGNED on December 4, 2007, at Houston, Texas.

                                              Lee H. Rosenthal
                                        United States District Judge